IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**KEIRRA HILL**                                                             **PLAINTIFF**

**V.**                        **CIVIL ACTION NO. 5:24-cv-18-KS-BWR**

**FOREMOST INSURANCE
COMPANY GRAND RAPIDS,
MICHIGAN**                                                                                          **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

    **I.**      **BACKGROUND**

This cause comes before the Court on Keirra Hill's Motion to Remand to State Court [7], [7-1]. Defendant filed its response, [8], [9]. Keirra Hill did not file a reply. Having reviewed the parties' submissions, the relevant rules and legal authorities, and otherwise being duly advised in the premises, for the reasons set forth herein, the Court finds that the motion is not well taken and denied.

    **A. Facts**

In July of 2021, Keirra Hill ("Plaintiff") purchased a mobile home for the price of $19,500. On September 29, 2023, a fire broke out in the home and, as a result, the home was determined to be a total loss. Foremost Insurance Company ("Defendant") paid the Plaintiff for her contents inside the home but did not pay the Plaintiff for the structure of her home. Plaintiff filed suit in the Circuit Court of Claiborne County on February 1, 2024, alleging tortious breach of contract, breach of the duty of good faith and fair dealing, and breach of fiduciary duties. Defendant removed the case to this Court on March 1, 2024, based on diversity jurisdiction. On April 1, Plaintiff filed the instant motion to remand and in the accompanying memorandum, stated "Defendant has failed to show that the amount in controversy exceeds $75,000

pursuant to U.S.C. § 1332 and there are no other grounds warranting removal." [7-1] at p. 1. Plaintiff does not dispute that diversity of citizenship exists. Rather, Plaintiff asserts solely that the amount in controversy in this matter does not exceed $75,000, exclusive of interest and costs, and thus, diversity jurisdiction pursuant to 28 U.S.C. § 1332 is not present.

Since this action was removed, Plaintiff's attorney has stipulated to the Defendant's attorney that the Plaintiff is seeking less than this Court's jurisdictional amount in controversy requirement of $75,000. Plaintiff has also stipulated to the Defendant's attorney, and by affidavit, that she will not accept any amount over the minimum jurisdictional limit in the event she receives a jury award over the amount from a state court jury.

## II. DISCUSSION

### A. Legal Standard and Applicable Law

For the Court to have diversity jurisdiction, there must be complete diversity among the parties and the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). If this Court lacks subject matter jurisdiction, it must remand the case. 28 U.S.C. § 1447(c).

"Generally, we begin our review by applying the 'facially apparent' test, which requires us to look only at the face of the complaint and ask whether the amount in controversy exceeds [$75,000]. If the amount in controversy is not readily apparent from the complaint, then we review summary-judgment type of evidence to determine the amount in controversy at the time of removal." *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995)). "The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000." *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)). "[T]he court must decide by a preponderance of the

evidence whether the relevant amount in controversy is met." *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015) (citations omitted).

>Mississippi Code § 83-13-5 provides
>
>When buildings and structures are insured against loss by fire and, situated within this state, are totally destroyed by fire, the company shall not be permitted to deny that the buildings or structures insured were worth at the time of the issuance of the policy the full value upon which the insurance is calculated, and **the measure of damages shall be the amount for which the buildings and structures were insured**.

(emphasis added).

### B. Analysis

Plaintiff argues that this case should be remanded to state court because Defendant has failed to show the amount in controversy exceeds $75,000 and as a result, this court lacks subject matter jurisdiction. For support, Plaintiff notes that her counsel has repeatedly stipulated that she is seeking less than $75,000, she has stipulated to and signed an affidavit saying she will not accept any amount over $75,000 if she receives an amount over this from a state court jury, Defendant has only made conclusory allegations without evidence, and she has only alleged damages for the structure of the home and not punitive damages. Defendant argues Mississippi's valued policy statute and case law establish that the amount in controversy is at least $100,000, that Plaintiff seeks additional extra-contractual damages that could exceed $75,000, and Plaintiff's post-removal affidavit cannot divest the Court of jurisdiction.

The Court finds that the Defendant has shown by a preponderance of the evidence that the amount in controversy is met. Plaintiff made a claim for benefits under Policy Number 0929186462, which provided coverage for fire loss and damage coverage for the dwelling, personal property, and loss of use. [1-2] at p. 5-6; [1-3]. The Complaint includes counts for tortious breach of contract, breach of fiduciary duties, and damages and seems to include a claim for breach of the duty of good faith and fair dealing. [1-2] at p. 6-9; *Id.* at p. 7, ¶ 13. In the Complaint, Plaintiff alleges she "is entitled to monetary compensation for all damages allowed under Mississippi law." *Id.* at p. 6. Under the heading "Damages" in the

Complaint, Plaintiff alleges she "experienced, suffered and/or sustained pain and suffering, mental and emotional distress, property loss, and other damage which will be proved at the trial of this matter." *Id.* at p. 9. Then, Plaintiff "demands judgment of and from the Defendant… for actual damages, including **all amounts due and owing under the policy of insurance at issue**; actual damages as enumerated above; attorney's fees and costs associated with the prosecution of the action; pre-judgment interest on all such amounts, in an amount within the jurisdictional limits of this Court."[1] *Id.* (emphasis added). After Plaintiff filed her Complaint in state court, Defendant removed the case to this Court. Attached to the Notice of Removal are the State Court Record, [1-2], which includes the Complaint, and the Policy, [1-3].

On the declarations page in the policy at issue, property coverages include dwelling for $100,000, other structures for $5,000, personal property for $30,000, and additional living expense for $20,000. [1-3] at p. 7. Liability coverages include personal liability for each accident for $50,000 and medical payments to others for each person for $500. *Id.* Because Mississippi Code § 83-13-5 mandates that "the measure of damages shall be the amount for which the buildings and structures were insured," the Policy insures the dwelling for $100,000, other structures for $5,000, personal property for $30,000, and additional living expense for $20,000, and Plaintiff has included a claim for breach of contract with respect to the Policy, Defendant has satisfied its burden in showing the amount in controversy requirement is met.

The Court notes that in her motion to remand, Plaintiff attached an affidavit where she states she stipulated that she is not seeking an excess of $75,000 for all combined claims, her attorney made repeated attempts to settle her property claim for $75,000, and she will not accept an amount greater than $75,000 if a state court jury awards a greater amount. [7-2] at p. 2. As the Fifth Circuit stated,

> [w]hile post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal. Additionally, if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post

---

[1] Because the Complaint was originally filed in state court, the Court assumes Plaintiff alleges damages in an amount within the jurisdictional limits for that court and not the amount in controversy requirement for federal court.

4

> removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction.

*Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (citations omitted). The case was removed on March 1, and the affidavit was signed on March 28. The Court may consider this affidavit only if the basis for jurisdiction is ambiguous at the time of removal. In this case, the Court finds that at the time of removal, it was not ambiguous as to whether the amount in controversy requirement was met because the Policy included property coverages well over the $75,000 minimum and the applicable statute requires the measure of damages to be the amount for which the buildings and structures are insured. Therefore, the Court declines to consider the affidavit for purposes of the instant motion.

### III.   CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that Plaintiff's Motion for Remand to State Court [7] is **DENIED**. The case will remain in this Court.

SO ORDERED AND ADJUDGED this 30th day of April 2024.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE