IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

KEIRRA HILL                                                                                   PLAINTIFF

vs.                                                          CIVIL ACTION NO.: 5:24-cv-18-KS-BWR

FOREMOST INSURANCE COMPANY
GRAND RAPIDS, MICHIGAN                                                              DEFENDANT

**FIRST AMENDED ANSWER AND DEFENSES
OF FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN**

**COMES NOW**, Defendant Foremost Insurance Company Grand Rapids, Michigan ("Foremost"), by and through counsel, and submits its First Amended Answer and Affirmative Defenses in response to Plaintiff's Complaint:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

**SECOND DEFENSE**

Defendant would show that the Complaint fails to state a claim or cause of action for punitive damages against it upon which any relief can be granted.

**THIRD DEFENSE**

The imposition of punitive damages in this case would violate certain provisions and safeguards of the Constitution of the United States, including, but not limited to, the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, which guarantee Foremost due process of law and equal protection, among other guarantees. Without any limitation, Foremost would show that the law by which it may be subject to punitive damages is unconstitutionally vague, facilitates verdicts which bear no rational relationship to any alleged harm or legitimate interest, allows the jury unfettered discretion, discriminates against defendants based on wealth or status, provides

no meaningful judicial process for review, places no rational limitation on the amount awarded, permits the jury to be influenced by passion and prejudice, is penal in nature, fails to provide the substantive and procedural safeguards afforded to criminal defendants, such as requiring proof beyond a reasonable doubt, allows the imposition of excessive fines, and does not conform to the principles established by the United States Supreme Court.  Finally, Foremost would show that the imposition of punitive damages would violate Article I, Section X, of the United States Constitution.  Foremost further pleads that the imposition of any punitive damages in this case would violate similar and related provisions of the Constitution of the State of Mississippi.

## FOURTH DEFENSE

AND NOW, answering the allegations of Plaintiff's Complaint, paragraph by paragraph, and without waiving any of the defenses asserted herein, Defendant would show:

## PARTIES

1.

On information and belief, Defendant admits the allegations of Paragraph 1 of the Plaintiff's Complaint.

2.

Defendant admits the allegations of Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.

Defendant denies the allegations of Paragraph 3 of the Complaint and would show that jurisdiction and venue are proper in the United States District Court for the Southern District of Mississippi, Western Division.

## ALLEGED FACTS

4.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint, except it is admitted, on information and belief, that a manufactured home which was located at 1086 Copiah Street, Pattison, Mississippi, and the contents thereof, were extensively damaged from fire.

5.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint, except it is admitted that, subsequent to the fire at 1086 Copiah Street, Pattison, Mississippi, Keirra Hill made a claim to Foremost for benefits under Policy number 0929186462.

6.

Defendant denies the allegations of Paragraph 6 of the Complaint, except it is admitted that Foremost issued its policy number 0929186462 to Plaintiff for the Policy Period beginning 01/30/2023 to 01/30/2024. Said Policy speaks for itself as for its terms and provisions.

7.

Defendant denies the allegations of Paragraph 7 of the Complaint.

8.

Defendant denies the allegations of Paragraph 8 of the Complaint.

9.

Defendant denies the allegations of Paragraph 9 of the Complaint, except it is admitted that premiums due under said policy were paid.

## COUNT 1

### ALLEGED TORTIOUS BREACH OF CONTRACT

10.

In response to Paragraph 10, Defendant adopts and incorporates herein by reference its responses set forth in the preceding paragraphs.

11.

Defendant denies the allegations of Paragraph 11 of the Complaint.

12.

Defendant denies the allegations of Paragraph 12 of the Complaint.

13.

Defendant denies the allegations of Paragraph 13 of the Complaint and sub-parts A. through D. thereof.

## COUNT III (sic)

### ALLEGED BREACH OF FIDUCIARY DUTIES

14.

In response to Paragraph 14, Defendant adopts and incorporates herein by reference its responses set forth in the preceding paragraphs.

15.

Defendant denies the allegations of Paragraph 12 of the Complaint. Further, Defendant would show that the subject policy speaks for itself as for its terms and provisions.

16.

Defendant denies the allegations of Paragraph 16 of the Complaint, except it is admitted that Plaintiff made a claim for benefits to it and submitted certain documents in support thereof.

17.

Defendant denies the allegations of Paragraph 17 of the Complaint.

## COUNT IV (sic)

## ALLEGED DAMAGES

18.

In response to Paragraph 18, Defendant adopts and incorporates herein by reference its responses set forth in the preceding paragraphs.

19.

Defendant denies the allegations of Paragraph 19 of the Complaint.

The allegations of the unnumbered paragraph following Paragraph 19, beginning with the word "WHEREFORE" are denied. It is further specifically denied that Plaintiff is entitled to a judgment against Defendant for the relief sought or for any relief whatsoever.

## AFFIRMATIVE DEFENSES

## PRELIMINARY STATEMENT

In further response to the Plaintiff's Complaint, Defendant asserts the following defenses. The denomination of any matter below as a defense is not an admission that Defendant bears the burden of persuasion, burden of proof or burden of producing evidence with respect to any such matter.

## FIFTH DEFENSE

The Plaintiffs' alleged right to benefits is subject to the terms, conditions, definitions, limitations, exclusions, and other provisions of the Policy. Plaintiff has failed to meet her burden of establishing eligibility to benefits under the Policy.

## SIXTH DEFENSE

One of the Conditions of the subject policy provides as follows:

**4. What to Do When You Have a Loss.**
You or someone on your behalf must promptly report to the police any theft, robbery or burglary loss after you discover the loss.

In the event of a loss or accident, you or someone on your behalf must notify us at once. The quickest way is to phone your insurance representative or us. Please give your name, policy number, how the loss happened, the extent of the damages or injuries, names of witnesses and all other pertinent facts. You must promptly send us any demand, notice, summons or other legal papers you receive.

If we need other information to investigate the loss, we will ask you for it. We may require this information in writing.

If you have a loss, you must protect your dwelling, other structures or personal property from any further damage. If you fail to do so, any further damage will not be insured by this policy.

We may require that you submit to us a notarized statement of loss. The statement must be submitted within 90 days of our request that you do so. You may be required to show us the damaged property and submit to examination under oath. You will be required to cooperate with us in our effort to investigate the accident or loss, settle any claims against you and defend you. If you fail to cooperate, we have the right to deny you coverage in this policy.

You may not, except at your own cost, voluntarily make any payment, assume any obligation or incur any expenses. This provision does not apply for First Aid Expenses or Emergency Repairs After Loss.

We will offer to make settlement within 30 days after we receive an acceptable proof of loss from you and the amount of loss is determined as provided in this policy.

By her failure to cooperate with Foremost in its effort to investigate the subject claimed fire loss, Plaintiff breached the above provision, and no further benefits are payable.

## SEVENTH DEFENSE

Foremost affirmatively pleads the defense of payment.

## EIGHTH DEFENSE

Plaintiff has failed to produce satisfactory proof of her ownership of the subject mobile home. In the event Plaintiff does not have an ownership interest in the subject mobile home, then the policy would be void as against public policy for her lack of an insurable interest.

6

## NINTH DEFENSE

One of the Conditions of the subject policy provides as follows:

3. **Concealment or Fraud.** The entire policy will be void if any of you:
   a. Intentionally conceal or misrepresent any material fact or circumstance;
   b. Engage in fraudulent conduct;
   c. Make false statements;
   whether before or after a loss or claim relating to this insurance.

Plaintiff breached the Concealment or Fraud provision of the subject policy. Consequently, said policy is deemed void, and no benefits are payable thereunder.

## TENTH DEFENSE

Foremost hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserve its right to amend its Answer and assert all such defenses.

**WHEREFORE, PREMISES CONSIDERED,** Foremost Insurance Company Grand Rapids, Michigan requests that Plaintiff's Complaint filed against it herein be dismissed with prejudice and that it be awarded its costs.

THIS, the 18th day of June, 2024.

Respectfully submitted,

**FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN**

By:   */s/ Kenna L. Mansfield, Jr.*
Kenna L. Mansfield, Jr. (MSB #1855)
*Its Attorney*

**OF COUNSEL:**

**WELLS MARBLE & HURST, PLLC**
Post Office Box 131
Jackson, MS 39205-0131
300 Concourse Blvd., Suite 200
Ridgeland, MS 39157
Telephone: (601) 605-6900
Facsimile: (601) 605-6901
kmansfield@wellsmarble.com

## **CERTIFICATE OF SERVICE**

      I, Kenna L. Mansfield, Jr., do hereby certify that I have this day served the above and foregoing *First Amended Answer*, using the ECF system, which automatically emailed a copy to the following counsel of record:

Michael E. Keyton, Esq.
ATTORNEY AT LAW
Post Office Box 686
Port Gibson, MS 39150
michaelkeyton@keytonlaw.com
sherallo@hotmail.com

ATTORNEY FOR PLAINTIFF

THIS, the 18th day of June, 2024.

                                       */s/ Kenna L. Mansfield, Jr.*
                                       Kenna L. Mansfield, Jr.